IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

02 JUL 10 AM 10: 33

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. CR-1-02-54 |
| Plaintiff, | : | |
| v. | : | ORDER |
| WALTER M. PUGH, et al, | : | |
| Defendant(s). | : | |

Judge 4819
Mag.
Journal
Issue CMTC USM USP PTS
Docketed

On July 9, 2002, the Court met with counsel made the following rulings and established the following schedule which will govern the course of this case from arraignment to trial and which sets forth the procedures that will govern the trial in this matter.

I. **PENDING MOTIONS**

    A.    The Motion to Withdraw as counsel filed by Kelly Johnson for Defendant Tyreese Pugh (Doc. 16) is hereby GRANTED.

    B.    The Government's Motion for Continuance of the Trial Date (Doc. 18) is hereby GRANTED.

    C.    Defendant Tyreese Pugh's Motion to Transfer to Kenton County Jail (Doc. 20) is hereby DENIED.

    D.    Defendant Tyreese Pugh has filed a Demand for Discovery and Bill of Particulars (Doc. 21). The Government shall file their response by July 10, 2002.

    E.    Defendant Tyreese Pugh has file a Motion for Additional Discovery (Doc. 22). The Government shall file their response by July 10, 2002.

    F.    Defendant Tyreese Pugh's Motion to Extend Motion Deadline (Doc. 23) is hereby GRANTED.

    G.    Defendant Tyreese Pugh's Motion for Expert Witness Fees (Doc. 24) is hereby GRANTED.

## II.   TRIAL DATE

This case is set for trial on TUESDAY, SEPTEMBER 3, 2002 at 9:30 A.M. The final pretrial conference on this matter is scheduled for WEDNESDAY, AUGUST 21, 2002 at 5:00 P.M. Trial counsel must appear in person at the final pretrial conference.

## III.   DISCOVERY AND INSPECTION

The attorney for the defendant is directed to contact promptly the Assistant U.S. Attorney in charge of the prosecution of this case, if prior contact has not been made, and arrange a meeting for the purpose of resolving all requests for discovery provided for under the Federal Rules of Criminal Procedure, including Rule 16. Upon request for discovery by the attorney for the defendant, pursuant to Fed. R. Crim. P. Rule 16, the government shall make the required disclosure of evidence discoverable under the terms and conditions of Rule 16(a). The government shall file a response within one week of the filing of the defendant's request.

The discovery meeting shall be held as promptly as possible. If at any time during the course of these proceedings after the initial request, any party fails to comply with Fed. R. Crim. P. 16, such failure shall be brought to the attention of the Court by a specific motion to compel discovery. Motions to compel shall be filed one week from the date of a party's denial of the initial request.

## IV.   MOTIONS

All motions of any kind, by the defendant or by the government, shall be filed on or before JULY 23, 2002. All briefs opposing said motions shall be filed no later than JULY 30, 2002. Reply briefs will not be filed. The moving party shall state in the motion whether an evidentiary hearing is required and shall provide the reasons supporting this request. If the Court agrees, a hearing will be set forthwith.

## V.   PLEA NEGOTIATIONS AND PLEA AGREEMENT

Plea agreement discussions between the Assistant U.S. Attorney and the attorney for the defendant, pursuant to Fed. R. Crim. P. Rule 11(e), shall be commenced as soon as practicable. The parties shall notify the Court promptly if a plea agreement is reached and a change of plea will be scheduled. Counsel are instructed to comply with the District Order 81-5 dealing with pleas of guilty offered pursuant to a plea agreement, and pleas of guilty offered in the absence of a plea agreement.

## VI.   MOTIONS FOR CONTINUANCE

Any motions for a change of the trial date shall be in writing, shall be made at least ten (10) days prior to the scheduled trial date, and shall set forth those factors listed in Title 18,

U.S.C. § 3161(h)(8)(B) which the movant contends support the motion.

## VII. CRIMINAL ORDER OF PROCEDURE

The following procedures are designed to deal with your case promptly and efficiently, without impeding your ability to present your case fully and fairly.

**IT IS ORDERED:**

A.  COUNSEL TABLES

The parties will occupy the counsel table assigned before the first trial session. Neither counsel will obstruct the other's view of a witness in the witness box.

B.  APPEARANCES

Counsel will enter their appearances with the court reporter and the courtroom deputy before the trial begins.

C.  TRIAL SCHEDULE

Under ordinary circumstances, trials of no more than two weeks duration will be held Monday through Friday.

The morning session begins at 9:00 a.m. and recesses at approximately 10:30 a.m. for 15 minutes. The first day of trial, however, may begin at 1:00 p.m. <u>Counsel and the parties are to be available in the courtroom at 8:30 a.m. daily</u>, in order to resolve any problems that might arise. Lunch recess will be at approximately 12:00 noon. The afternoon session begins at 1:30 p.m. and will recess at approximately 3:00 p.m. for 15 minutes. Court will adjourn for the day at approximately 4:30 p.m.

The parties and all counsel must be present at the counsel tables before the jury is brought into the courtroom. Counsel and the parties must remain at counsel tables until after the jury leaves the courtroom at the close of all sessions. The parties and counsel will stand when the jury enters or exits the courtroom.

D.  ADDRESSES BY COUNSEL

Counsel will address the Court and the jury in the following manner:

(1)  Voir dire examination, opening statements and closing arguments will be made from the lectern facing the jury.

3

    (2)    Counsel should address the Court either from the lectern facing the Court or by standing at counsel table.

    (3)    Counsel will stand when addressing the Court for any reason.

E.    EXAMINATION OF WITNESSES

Counsel will conduct their examination of witnesses from the lectern.

In advance of trial, counsel will instruct their witnesses to answer questions with courtesy. Evasive answers, answering a question with a question, or disrespect to opposing counsel will not be permitted.

Counsel are expected to extend equal courtesy to all witnesses. Counsel will wait until the witness has finished answering before asking the next question. Multiple questions and repetitious questions will not be permitted. Counsel may not, by any action, inflection or expression, indicate disbelief of any answer. Counsel should admonish their clients and witnesses to refrain from such conduct.

Counsel will treat each witness with courtesy. Counsel should not shout at, ridicule or otherwise abuse any witness.

When a party has more than one attorney, only one attorney may conduct the direct or cross-examination of a given witness.

Counsel may not approach a witness without first asking the Court's permission. When permission is granted for the purpose of working with an exhibit, counsel should return to the lectern when finished with the exhibit. In most cases, the courtroom deputy will place exhibits before the witness.

Counsel should inform the Court when he or she has completed the examination of a witness, so the Court can advise opposing counsel to proceed.

During examination of a witness, counsel first must ask the Court for permission to confer with co-counsel.

F.    OBJECTIONS

Counsel will stand when making an objection and will make objections directly to the Court, not to opposing counsel.

When objecting, counsel should rise and simply state, "I object." Then, if requested by the Court, counsel should state the grounds. Objections may not be used for the purpose of making speeches, repeating testimony, or attempting to guide a witness or to influence the jury.

4

Argument upon an objection will not be heard unless permission is given or argument is requested by the Court. Either counsel may request a bench conference.

G.   DECORUM

Colloquy, or argument between counsel, is not permitted. All remarks should be addressed to the Court.

Counsel should maintain a professional and dignified atmosphere throughout the trial.

Appearances, mannerisms or habits that are designed to arouse the sympathy or prejudice of the jury are an impediment to an impartial trial and will not be permitted.

During a trial, counsel should not exhibit familiarity with witnesses, jurors or opposing counsel and should not address anyone by first name. Jurors should be addressed only by the number assigned to them by the Clerk's office.

During opening statements and final arguments, all persons at counsel tables should remain seated and be respectful so as to not divert the attention of the Court or the jury.

Do not ask the court reporter to mark testimony. All requests for re-reading of questions or answers shall be addressed to the Court.

H.   WITNESS LISTS

The parties will submit to the Court's chambers three (3) copies of their witness lists six (6) business days before the scheduled trial date. Witness lists are not pleadings and should not be filed with the Clerk of Courts or served on opposing counsel.

I.   TRIAL BRIEFS

The parties are required to file with the Clerk's office the original plus two (2) copies of their trial briefs six (6) business days before the scheduled trial date. Counsel also shall serve their trial briefs on opposing counsel. Each trial brief should include a statement of facts. Counsel also should identify difficult evidentiary matters that might arise and argue the subject, complete with case law.

J.   EXHIBITS

Each party intending to offer exhibits will mark the exhibits prior to the

commencement of the trial. Exhibit labels may be obtained from the Clerk of Courts, in advance of trial. Both sides will submit to the Court's chambers three (3) copies of a typed list of the proposed exhibits six (6) business days before the date of trial. This list will state the proposed exhibit number and description of the exhibit. Exhibit lists are not pleadings and should not be filed with the Clerk of Courts or served on opposing counsel.

Exhibit lists should be three-hole punched.

Both sides will number their exhibits with Arabic numbers, plus the letter prefix "G" for prosecution exhibits or "D" for defense exhibits.

Counsel should provide the original and two copies of exhibits to the Court and one copy to opposing counsel, three (3) business days prior to the commencement of trial. The two copies of exhibits to the Court should be three hole punched and placed in notebooks, along with a copy of the exhibit lists previously submitted to the Court.

Counsel may not approach a witness to tender an exhibit. Rather, the courtroom deputy will place each exhibit before each witness.

In formulating a question to a witness, counsel should specify the exhibit number or designation involved, so the record will be clear.

Exhibits which are introduced for the first time during trial, as in the case of exhibits used for impeachment, should be tendered to the courtroom deputy for marking and then displayed to opposing counsel. Copies must be provided to opposing counsel, the Court and the Court's law clerk.

K.   STIPULATIONS

Three (3) copies of stipulations shall be submitted to the Court six (6) business days before the scheduled trial date.

L.   VOIR DIRE EXAMINATION

The whole panel of prospective jurors (those in the jury box and seated in the back of the courtroom) will be examined in one continuous examination.

Each prospective juror will be assigned a number by the Clerk's office. Counsel will receive a listing of the jurors' names and numbers prior to jury selection.

The Court will conduct a preliminary voir dire examination tailored to the issues in the case. An outline of the Court's voir dire questioning is attached as "Appendix A". Counsel are encouraged to submit questions for the Court to

include in its voir dire examination. Counsel must serve copies of any questions on opposing counsel.

Counsel may supplement the Court's examination. Counsel, however, may not repeat in some other form the same questions the Court already has put to the panel.

Counsel must address their questions to the whole panel. Counsel may not question an individual juror, unless the answer of a specific juror justifies further inquiry.

Counsel will not be permitted to question jurors individually regarding background information. This information is contained in juror questionnaire forms, which are on file in the Clerk's office. Counsel should examine these questionnaires prior to the commencement of trial. Counsel may inquire regarding any omission in a juror's answer to the juror questionnaire or, after obtaining the Court's permission, regarding any inquiry justifiably elicited by information contained in the juror questionnaire.

M.  CHALLENGES

Challenges for cause and peremptory challenges will be heard in chambers. The entire panel (i.e., jurors seated in the jury box and in the back of the courtroom) shall be challenged for cause and peremptorily challenged in a continuous sequence without reseating prospective jurors. It is counsel's responsibility to determine the current makeup of the jury by reference to the seating plan.

N.  PEREMPTORY CHALLENGES

Peremptory challenges will be exercised as follows:

(a)  United States exercises its first challenge
(b)  Defendant exercises his first and second challenges
(c)  United States exercises its second challenge
(d)  Defendant exercises his third and fourth challenges
(e)  United States exercises its third challenge
(f)  Defendant exercises his fifth and sixth challenges
(g)  United States exercises its fourth challenge
(h)  Defendant exercises its seventh and eighth challenges
(i)  United States exercises its fifth challenge
(j)  Defendant exercises his ninth challenge
(k)  United States exercises its sixth challenge
(l)  Defendant exercises his tenth challenge

If either party "passes," (i.e. forgoes to exercise a challenge in the order

7

prescribed), that party has thereby "used" one challenge.

After the regular 12 jurors have been fully qualified, and counsel state that they are satisfied with the jury, the peremptory challenges as to the alternate juror(s) will then be exercised in the same manner.

O.  JURY INSTRUCTIONS

Counsel should draft proposed, substantive jury instructions, which indicate the proponent and supporting authority and shall be numbered. Counsel will be provided with the Court's standard, non-substantive instructions. <u>An original and two (2) copies of proposed instructions should be filed with the Clerk's office at least six (6) business days before the scheduled trial date</u>. Counsel are also required to submit a copy of their instructions on a 3 1/2" computer disc, formatted in either WordPerfect 5.1 or WordPerfect 6.1 for Windows.

Supplemental requests for instructions during the course of the trial or at the conclusion of the evidence will be granted solely as to those matters that cannot be reasonably anticipated at the time of presentation of the initial set of instructions. Copies also should be served upon opposing counsel.

P.  SUMMARY OF DEADLINES

Six business days before the scheduled trial date counsel for the government and defendant are responsible for submitting to the Court copies of the following:

(a)  Witness lists

(b)  Exhibit lists

(c)  Stipulations

(d)  Trial briefs

(e)  Proposed jury instructions

Counsel should refer to this Order to determine whether the above items must be filed with the Clerk's office and served on opposing counsel or should be submitted to the Court's chambers only.

Parties are reminded that all deadlines set forth in this Order and in any other Order issued by this Court are firm deadlines. The parties **SHALL** file or submit to the Court's chambers (as required) all required documents by the dates set forth in these orders unless <u>prior</u> approval of the Court for filing on a later date has been obtained from the Court. The Court can and will impose sanctions, including

8

monetary sanctions, for failure to meet these deadlines.

**IT IS SO ORDERED.**

_____
Susan J. Dlott
United States District Judge

9

# APPENDIX A

## VOIR DIRE QUESTIONS BY THE COURT
### Criminal Jury Trial Procedures

      The Court will first conduct a preliminary examination, using questions such as the following. After the Court has finished its examination of the jury panel, counsel may elect to supplement the Court's examination with questions that do not repeat, in substance, any question the Court already has put to the panel.

1.     I am now going to read the names of the parties and the witnesses that you may be hearing from in this case. Please listen to the list carefully as I will be asking you whether you know any of these people.

    First, as I just told you, the government is represented by _____. Seated at the counsel table with _____ is _____.

    At the next table is the Defendant in this case _____. He [or she] is represented by _____ of _____.

    The United States may call the following persons as witnesses:

    The Defendant in this case may call the following persons as witnesses:

    Is any panel member related by blood or marriage to any of the individuals that I have just named?

    Are you personally acquainted with these persons, or do you have any knowledge of them, directly or indirectly, through your social, business, or professional lives?

2.     Has any panel member ever heard of or been involved with any of the following entities or persons: [List any businesses or non-witness entities that will be important in this case.] Are any of these names familiar to any panel member?

3.     **OUTLINE THE OFFENSE PER INDICTMENT OR INFORMATION**

    Does any panel member have prior knowledge or information about the offense(s) the defendant(s) is/are charged with, which I have just explained to you? This includes knowledge gained from personal contacts or from the media.

    <u>Follow-up Questions for Any Affirmative Responses:</u>

    i.     From what source did you hear abut this case (newspaper, TV, radio,

10

conversation with others)?

  ii. How many times did you hear or read about it?

  iii. Do you remember specifically what you heard or read?

  iv. Did what you heard or read cause you to have any feeling concerning the merits of the parties' claims?

  v. Did what you heard or read cause you to have a favorable or an unfavorable impression concerning the parties?

  vi. Do you today have any impression or even tentative opinion as to the probable outcome of this case?

4. Does any panel member have any personal interest of any kind in this case, or in the defendant(s)?

5. If any panel member has served as a juror in the federal or state court -- either in a civil or criminal case -- and regardless of the outcome of such case(s), would your prior experience have any effect or influence on your ability to serve as a fair and impartial juror in this case?

6. Does any panel member have any feeling -- thought -- inclination -- premonition -- prejudice -- religious belief or persuasion -- or bias -- which might influence or interfere with your full and impartial consideration and which might influence you either in favor of or against either the defendant(s) or the government?

7. Is there any reason in your mind why you cannot hear and consider the evidence and render a fair and impartial verdict?

8. Can you take the law as the Court instructs you, without any reservation whatsoever, and apply the facts to the Court's instructions on the law? If you cannot do this, please hold up your hand.

9. Do you recognize and accept the proposition that jurors are the sole judge of the facts and the Court is the sole judge of the law? If you cannot do this, please hold up your hand.

10. If you are selected as a juror in this case can you extend the presumption of innocence to this defendant(s); that is, can you presume the defendant(s) is/are innocent of the charge(s) unless and until guilt is established by proof which

       convinces you beyond a reasonable doubt?  If you cannot do this, please hold up your hand.

11.     Are you -- or is any member of your immediate family -- a member of a law enforcement agency, i.e., municipal police, county sheriff, state highway patrol, or any federal law enforcement agency, either at the present time or in the past?

12.     Does any panel member feel bias -- or prejudice -- because the defendant(s) has (have) been charged by indictment (information) with an offense(s) against the United States?

13.     Has any panel member formed or expressed any opinion as to the guilt or innocence of the defendant(s)?

14.     Does any panel member have:

    a.     Any transportation problem?  For example, does anyone have difficulty getting to or from the courthouse?

    b.     Any medical or disability problems, such as difficulty hearing, walking or seeing?  Does any other medical problem exist which could affect your service on the jury?

15.     The Court and counsel estimated this trial will last ____ days.  Does any panel member have any immediate family or personal reason or situation which persuades you that you cannot serve as a juror during this period and give your undivided attention to this case?

16.     Finally, can any of you think of any matter that you should call to the Court's attention that may have some bearing on your qualifications as a juror, or that -- even to the slightest degree -- may prevent your rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?