UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,     Case No. CR-1-02-54-02
    Plaintiff,
        v.                                Judge: DLOTT
WALTER MEAD PUGH, JR.,        MOTION FOR SUPPRESSION
    Defendant.                   OF EVIDENCE

Now comes Defendant, Walter M. Pugh, Jr., pro-se, contends that the government's evidence will be in violation of Defence's constitutional rights.

Respectfully submitted,
Walter M. Pugh, Jr. Pro-se
900 Sycamore St.
H.C.J.C.
Cincinnati, Ohio 45202

-MEMORANDUM-

34

# MEMORANDUM

NOW comes, Defendant, Pro-se, WALTER MEAD PUGH, JR., contends that the seizure is in violation of the Fourth Amendment; the seized articles and substances is not admissible into evidence. Defendant, contends that evidence obtained is disregard of liberties deemed fundamental by the Constitution, cannot stand. <u>Boy v. United States</u>... <u>Weeks v. United States</u>.

Defendant, contends that the evidence, having been illegal obtained is inadmissible.

The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." <u>Marron v. United States</u>.

(1)

MEMORANDUM continue...

Defendant, contends that the FOURTH AMENDMENT to the constitution provides: "The rights of the people to be secure in their person, house, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon Probable cause, supported by Oath or affirmation, and Particularly describing the Place to be seized. This guarantee of protection against unreasonable searches and seizures extends to the innocent and guilty alike..." Weeks v. United States, 232 U.S. 383.

Defendant, contends that the law officials permitted an informer (Defendant's x-girl) to place Defendant's personal belongings in the basement, where-in-the-area police officers seized 2-guns and said keys... "Found by arresting officers in an area containing the personal belongings of Walter Pugh, was a bag containing two handguns described as .22 caliber revolvers. Malinski v. New York, 324 U.S. 401

(2)

MEMORANDUM continue from page (1) one...

Defendant, Walter M. Pugh, Jr., contends that the evidence obtained from his car was seized illegal; (Marron v. UNITED STATES, 275 U.S. 192, at 196).

Defendant, Walter M. Pugh, Jr., contends that the FOURTH AMENDMENT, protects him from such illegal search and seized; therefore, Defendant contends that the unlawful seized items were obtained illegal, and is not admissible into evidence against Defendant... Roaden v. Kentucky, 413 U.S. 496, 502 (1973); Stanford v. Texas; Marcus v. Search Warrant.

Defendant, contends that if this evidence be permitted into trial it will be prejudicial to the defence and violation of his constitutional rights, under probable cause; and for the lack of criminal law procedures. Giordenello v. United States, 357 U.S. 480; Aguilar v. Texas, 378 U.S. 108.

(3)

Respectfully submitted,

Walter M. Pugh, Jr.,
Pro-se.
900 Sycamore Street
Hamilton County
Justice Center
Cincinnati, Ohio 45202

## CERTIFICATE OF SERVICE

I, Walter M. Pugh, Jr., certify that a copy of the foregoing was served upon Wendy Cross, Assistant U.S. Attorney, 221 East Fourth Street, Suite 400, Cincinnati, Ohio 45202, and Attorney Edward J. Felson, 36 East Seventh Street, Suite 1650 Cincinnati, Ohio 45202, by U.S. Mail delivery this 23rd of July 2002.

Walter M. Pugh Jr.

(4)