IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
Western Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. CR-1-02054 |
| Plaintiff, | Judge Susan Dlott |
| V. | Magistrate Hogan |
| WALTER PUGH, JR. | |
| Defendant. | |

**MOTION TO CHALLENGE COURT'S DECISION TO MAKE DEFENDANT WEAR
A STUN BELT OR ANKLE SHACKLES DURING COURT PROCEEDINGS AND TRIAL**

Now comes Walter Pugh, Jr., defendant herein pro se, in the above captioned cause requesting oral hearing on the issue captioned above.

Defendanr Pugh maintains that the use of shackles or stun belt in the court room is unconstitutional in lieu of the fact that the defendant has never been a security risk.

Defendant attaches hereto a memorandum in support of his position with current case law in support of his position.

Respectfully submitted,

Walter Pugh, Jr.

## MEMORANDUM IN SUPPORT

### Statement of Facts:

On April 24th 2002 the First National Bank of South Western Ohio was robbed by two men. On May 3, 2002 the defendant Walter Pugh, Jr. and his son, Tyreese Pugh, were arrested and subsequently charged with the robbery.

On August 21, 2002 the defendant appeared in the United States District Court for Southern Ohio, Western Division, Judge Susan Dlott presiding. The defendant was shackled in the courtroom. The defense wanted the shackles removed. However, the Courts' position was that either the shacles remained on during all proceedings, or a stun-belt would be used; the option was the defenses.

### Issue Presented For Review:

The defendant contends that by forcing him to wear such a restraining device would  hinder his defense in a psychological way. This would disable his ability to communicate : " First of all, we have long held that such physical restraints should be used as rarely as possible.  *See Allen v. Montgomery, 728 F.2d 1409, 1413 (11th Cir. 1984)* ( "We agree that seldom will the use of handcuffs be justified as a courtroom security measure");  *Zygaldo v. Wainwright, 720 F.2d 12221, 1223 (11th Cir. 1983)*  ("Many considerations dictate that the use of shackles to restrain a defendant at trial should rarely be employed as a security device.") The Supreme Court has held that the presumption of innocence is an integral part of a criminal  defendant's right to a fair trial. *Estelle v. Williams, 425 U.S. 501, 503, 48 L. Ed. 2d 126, 96 S. Ct. 1691 (1976).."*  In this instance, *Walter Pugh, Jr. presents, arguendo,  that the U. S. District Court erred*
*By not upholding the defenses request for not parading the defendant, in open court, before the triier of fact.*

*Therefore, for the reasons set forth in the foregoing the defendant moves that any attempt to restrain defendant in open court be barred..*

*Respectfully Submitted,*

*Walter Pugh, Jr.*
*Defendant, pro se*
*1000 Sycamore Street*
*Cincinnati, Ohio, 45202*

Certificate of Service

I, Walter Pugh, Jr. hereby certify that a true and correct copy og the foregoing was served aon all parties by way of hand service, at the court ~~hearing~~ date of the 30th of August 2002.

Respectfully Submitted,

Waltyer Pugh, Jr.
Defendant, pro se