

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. CR-1-02-054 |
| | : | |
| | : | (Dlott, J.) |
| vs. | : | |
| | : | GOVERNMENT'S BRIEF |
| WALTER MEADE PUGH, JR.,and | : | IN SUPPORT OF ADMISSION OF |
| TYREESE DORRAN PUGH | : | <u>EVIDENCE OF PRIOR CONVICTION</u> |

- - - - - - - - - - - - -

Rule 609(a)(1) Fed. R. Evid. permits witnesses to be impeached with evidence of conviction of prior crimes.  In order to do so, the conviction must be for a crime punishable by death or imprisonment in excess of one year.  In the case of an accused, the court must determine that the probative value of admitting this evidence outweighs its prejudicial effect to the accused. If the conviction is for a crime involving dishonesty or false statement, however, it is automatically admissible, regardless of the balancing test and regardless of the punishment.  Rule 609(a)(2), "evidence that *any* witness has been convicted of a crime..." (Emphasis added).

Rule 609(b) places a time limit on such convictions. Generally speaking, there is a ten year limit from the time of conviction or release from the confinement imposed for that conviction, whichever is the later date.  Exceptions to this time rule, however, can apply.  In the case of <u>United States v Sloman</u>,

909 F.2d 176 (6th Cir. 1990), for example, a 17 year old conviction was admitted for purposes of cross-examination where the defendant denied participation in an insurance fraud, but had been convicted of similar activity in the past.

Rule 609 is a rule of inclusion, not exclusion. United States v Sloman, id. Factors to be considered in making the determination of admissibility include (1) the impeachment value of the prior crime, (2) the point in time of the prior conviction and the witness's subsequent history, (3) the similarity between the past crime and the charged crime, (4) the importance of the defendant's testimony, and (5) the centrality of the credibility issue. Sloman, id.; United States v Meyers, 952 F. 2d 914, 916 (6th Cir. 1991), cert. denied, 503 U.S. 994 ( 1992).

A trial court should state on the record, its finding that the probative value of admitting the evidence of prior conviction outweighs its prejudicial effect. Meyers, id. The standard of review is abuse of discretion. United States v. Moore, 917 F.2d 215, 234 (6th Cir.1990), cert. denied, 499 U.S. 963 (1991). The trial court should include in its jury instructions, guidance on the proper use of this type of impeachment evidence. An appropriate jury instruction for this Circuit is found at § 15.08, 1 Devitt, Blackmar, Wolff & O'Malley, FJP&I, 4th Ed. p. 521; see United States v. Gaitan-Acevedo, 148 F.3d 577, 591-92 (6th Cir.1998).

The method of cross-examination is also an issue. The

details of a defendant's prior conviction are admissible where
those details are not unduly explicit or heinous. United States v
Turner, 995 F. 2d 1357 (6th Cir. 1993) cert. denied, 510 U.S.
904; United States v Hurst, 951 F. 2d 1490 (6th Cir. 1991) cert.
denied, 499 U.S. 963(1992).  The nature of the defendant's
testimony may also be a factor in making the court's
determination.  For example, a defendant's testimony that she had
never sold drugs in the past, made her prior narcotics conviction
more probative than prejudicial even though it was for a similar
type of crime as the one charged. United States v Bender, 265
F.3d 464 (6th Cir 2001).

Each of the defendants in this case have prior qualifying
convictions. Walter Pugh, Jr. has been convicted first, in 1979
for Aggravated Burglary and Felonious Assault and released in
1984; second, for Felonious Assault, Involuntary Manslaughter,
and Weapons under disability, in 1984 and released in 1999; and
third, for Attempted Trafficking, in 2000.  Tyreese Pugh was
convicted in 1998 for Aggravated Rioting, Felony Possession of
Drugs and Drug Trafficking.  All of these convictions are of
record in the Butler County, Ohio Court of Common Pleas.

In the event that either of these defendants become
witnesses, the government should be allowed to cross-examine them
on the fact of and the nature of that witness's prior
convictions.  Only the defendant testifying can raise the issue
of the probative value vs. prejudicial impact of his convictions

on his testimony. A co-defendant has no standing to complain. Green v Bock Laundry Mach. Co., 490 U.S. 38, (1984).  Ruling in advance of the defendant's testimony is not prejudicial.  In the case of Luce v United States, 469 U.S. 38 (1984), the district court ruled in advance of defendant's testimony that it would allow the defendant to be impeached with a prior conviction.  The defendant chose not to testify.  Because he did not testify, the issue of whether the prior conviction would have been admitted if he had testified, was held not to be reviewable.

Evidence of the defendant's prior convictions may also be admissible if they choose not to testify.  If either defendant presents character witnesses who testify as to the defendant's good character, or reputation in the community for a specific good character trait, for example peacefulness, the government should be allowed to cross-examine that witness's knowledge concerning prior convictions that clearly contradict that character trait.  See Rules 404(a) and 803(21), Fed. R. Evid.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

WENDE C. CROSS (0061531)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was hand
delivered on this 4th day of September, 2002, to counsel of
record and to the defendants.

_Wende C. Cross_
WENDE C. CROSS (0061531)
Assistant United States Attorney