UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. CR-1-02-054 |
| | : | |
| | : | HONORABLE SUSAN J. DLOTT |
| vs. | : | |
| | : | |
| | : | |
| WALTER MEADE PUGH, JR. | : | **SCHEDULING ORDER** |
| TYREESE DORRAN PUGH | : | |

___

This matter is before the Court on the United States' Motion to Schedule a Trial, which is unopposed. This matter was remanded by the United States Court of Appeals for the Sixth Circuit. The date of the mandate was May 25, 2005. This Court received the Mandate on May 27, 2005, and it was entered on May 31, 2005 (R. 90). The Court ordered the defendants be transferred to this jurisdiction on July 13, 2005 (R. 92 and 93). Walter Pugh was located in California at the time of the Court's order.

The Speedy Trial Act provides in pertinent part:

> If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical. The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section.

18 U.S.C. § 3161(e). The act further provides that the following delay is excludable from the speedy trial clock: "delay resulting from transportation of any defendant from another district . . . except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be

unreasonable." 18 U.S.C. § 3161(h)(1)(H).

This Court finds that trial would be impractical within seventy (70) days due to many factors, including, but not limited to:

1. The need to locate witnesses for both the defendants and the government;

2. Transportation of the defendants to this jurisdiction (Walter Pugh from California);

3. Departure of lead trial counsel for the United States, as well as new trial counsel for defendant Tyreese Pugh, see, e.g., United States v. Hernandez, No. 92-50747, 1994 WL 502638 (9th Cir. Sept. 13, 1994) (memorandum) (suggesting that the departure from government service of the trial AUSA and case agent and the need to round up long-shelved files are properly considered "other factors");

4. Difficulty of obtaining previous counsel's files;

5. A year-long planned vacation of a Detective Calhoun – a key government witness (Detective Calhoun has paid a significant non-refundable fee for the vacation);

6. Potential Motions by the Defense;

7. The United States Solicitor General seeking a continuance in the United States Supreme Court in order to consider whether to file a petition for certiorari; and

8. Other pressing legal matters of counsel.

For all of these reasons, after consultation and agreement between counsel, this Court hereby sets the following schedule:

Motions Deadline: October 3, 2005

Response Deadline: October 13, 2005

Jury Trial: November 14, 2005

SO ORDERED

                                            __s/Susan J. Dlott_____
                                            HONORABLE SUSAN J. DLOTT
                                            UNITED STATES DISTRICT JUDGE