UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. CR-1-02-054 |
| | : | |
| vs. | : | HONORABLE DAVID BUNNING |
| | : | |
| WALTER MEADE PUGH, JR. | : | UNITED STATES |
| TYREESE DORRAN PUGH | : | PRETRIAL MEMORANDUM |
| | : | |

* * * * * *

Comes now the United States of America, by and through counsel, Amul R. Thapar and Anthony Springer, Assistant United States Attorneys for the Southern District of Ohio, and submits this Pretrial Memorandum.

## I. Statutes and Elements of the Offense:

A.  The defendants are charged in a 4 count Indictment as follows:

1.  Count 1 charges both Defendants with Conspiring to Rob a Federally Insured Financial Institution in violation of 18 U.S.C. § 371

2. Count 2 charges both Defendants with Robbing First National Bank of Southwestern Ohio in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2.

3.  Count 3 charges Defendant Walter Meade Pugh, Jr., with knowingly using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 24(c)(1)(A)(ii).

4.  Count 4 charges Defendant Tyreese Dorran Pugh with knowingly using,

carrying, and brandishing a firearm during and in relation ot a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

  5.  The guilty verdict on Count 5 was affirmed on appeal, and thus, is not an issue in this trial.

<u>The essential elements of Conspiracy</u>:

  1. That there existed an agreement between two or more persons;

  2. To commit an offense against the United States, in this case, the offense of armed bank robbery;

  3. That a member of the conspiracy committed an overt act in furtherance of the conspiracy; and

  4. That the Defendant knowingly and voluntarily agreed to join the conspiracy.

<u>The essential elements of Bank Robbery</u>:

  1. That with force and violence, or by intimidation, the Defendant knowingly took or attempted to take from the person or presence of another;

  2. Money belonging to, or in the care, custody, control, management or possession of the First National Bank of Southwestern Ohio; and

  3. That the bank was an institution whose deposits were insured by the Federal Deposit Insurance Corporation.

<u>The essential elements of Using a Firearm During and In Relation to A Crime of Violence</u>:

    1.    That the Defendant committed the crime of Bank Robbery; and

    2.    that the Defendant during and in relation to the pertinent crime of violence knowingly used or carried a firearm or that the Defendant knowingly brandished a firearm.

## II. **Statement of the Case:**

A Federal Grand Jury indicted the Defendants on May 15, 2002. On September 3, 2002, the defendants were tried to a jury. The jury convicted the defendants on all counts on September 10, 2002. On May 3, 2005, the United States Court of Appeals for the Sixth Circuit reversed the Defendants' convictions on counts 1 through 4. The matter was remanded to this Court and is set for trial on November 14, 2005.

## III. **Statement of Facts:**

At approximately 2:20 p.m. on April 24, 2002, Walter and Tyreese Pugh entered the First National Bank of Southwestern Ohio ("First National Bank"), located at 2299 Peck Boulevard in Hamilton, Ohio. Tyreese Pugh was wearing a mask and carrying a shotgun, while Walter Pugh was unmasked and was carrying a handgun. Upon entering, both Defendants ordered everyone in the bank to get down.

Walter Pugh leapt the teller counter and ordered the tellers to empty their cash drawers. They complied. He then ordered one of the tellers to open the vault for him. He forced her into the vault at gunpoint. Walter Pugh then ordered her to give him the

money in the vault.  Again, the teller complied.  After receiving the money, he locked the teller in the vault.

Walter and Tyreese Pugh then exited the bank with approximately $153,189 in unmarked bills. As Walter and Tyreese Pugh were escaping, the bank manager saw them enter a late 1980's or early 1990's maroon Oldsmobile.  The manager believed there was a getaway driver.

Walter and Tyreese Pugh, along with their girlfriends and their girlfriends' kids, then fled to Georgia.  Walter Pugh told the girlfriends, as well as his relatives in Atlanta, Georgia, about the robbery.

Approximately one week later, Walter and Tyreese Pugh returned to Ohio.  Upon their return, they reached out for friends.  On the night of their return, both defendants were arrested.

## IV.  Substantive Issue of Law with Citation of Authorities:

The United Sates is not aware of any contested substantive issues of law.

## V.  Evidentiary Issues:

The United States does not anticipate any material evidentiary issues.  The United States has filed separately and *ex parte* a witness list that briefly summarizes the anticipated testimony in this matter.  No expert witnesses are necessary for the Gorvernment's case-in-chief.

In the event the defendants take the stand, the Government anticipates impeaching them with their prior felony convictions.  See Fed. R. Evid. 609.

**VI. Other Trial Problems:**

    None anticipated.

**VII. Proposed Voir Dire:**

    The United States proposes the Voir Dire Questions attached hereto as Attachment A (previously filed on August 26, 2002, with this Court).

Respectfully submitted,
GREGORY G. LOCKHART
United States Attorney


s/Amul R. Thapar
AMUL R. THAPAR (DC459489)
ANTHONY SPRINGER (0067716)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Pre-Trial Memorandum was served this 4th day of November, 2005, electronically on:   William Gallagher and Jay Clark, Attorneys for the Defendants.

s/Amul R. Thapar
AMUL R. THAPAR (DC459489)
ANTHONY SPRINGER (0067716)
Assistant United States Attorneys
