UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    Plaintiff, | : CASE NO. 1:02CR-54<br>: (Judge Bunning)<br>: |
| vs. | :<br>: |
| WALTER PUGH,    Defendant. | : <u>MOTION TO PREVENT USE OF</u><br>: <u>STUNBELT RESTRAINT DURING</u><br>: <u>TRIAL</u> |

NOW COMES the Defendant, Walter Pugh, through his undersigned attorney, and moves this Honorable Court to enter an order to the United States Marshall preventing the use of any physical restraint, including the use of a "stunbelt." The use of restraints will prejudice Mr. Pugh's right to a fair trial, Due Process and will interfere with his right to freely consult with his attorney in violation of his rights as guaranteed by the Sixth Amendment to the United States Constitution.

<u>MEMORANDUM IN SUPPORT</u>

In conversations with Chris Reilly, the Chief United States Marshall, counsel was informed of a plan to place a "stun belt" on the defendants in this case. Respectfully, to permit the use of the belt would constitute error in this case. If this Court is not inclined to order the U.S. Marshall to refrain from using any restraint, a hearing is mandated before it may be used.

Walter Pugh represented himself in Federal Court in this matter in September 2002. The case proceeded without incident from Mr. Pugh. Following the conviction and sentence

in this matter, Mr. Pugh served his sentence without incident earning a "Medium" security rating despite the fact the conviction was for a violent felony.

Mr. Pugh's conviction has been reversed. Mr. Pugh is presumed to be innocent of the charges against him. This presumption should extend to banning the use of restraints in court.

The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant an important component of which is the presumption of innocence. See *Coffin v. United States* (1895), 156 U.S. 432, 453, 15 S. Ct. 394, 39 L. Ed. 481. The Sixth Amendment secures the defendant's right to confer with his counsel and to assist in his defense. The placing of restraints upon a criminal defendant during his trial may significantly affect the jury's perception of the defendant, and may thus infringe upon the presumption of innocence, by stripping the defendant of the physical *indicia* of innocence. Restraints may also impede the defendant's ability, and thus implicate his Sixth Amendment right to confer with his counsel and to assist in his defense. Moreover, the use of restraints may "affront * * * the very dignity and decorum of judicial proceedings that the judge [by imposing the restraints, was] seeking to uphold." *Illinois v. Allen* (1970), 397 U.S. 337, 344, 90 S. Ct. 1057, 25 L. Ed. 2d 353.

The decision to use restraints is committed to the sound discretion of the trial court. *Id*. at 343-344, 90 S. Ct. 1057. But because their use is an "inherently prejudicial practice," *Holbrook v. Flynn* (1986), 475 U.S. 560, 568-569, 106 S. Ct. 1340, 89 L. Ed. 2d 525, (restraints may be employed only as a "last resort"), *Illinois v. Allen*, 397 U.S. at 344, 90 S. Ct. 1057, (and only when justified "by an essential state interest specific to each trial"). *Holbrook v. Flynn*, 475

U.S. at 568-569, 106 S. Ct. 1340; see, also, *United States v. Brooks* (C.A.7, 1997), 125 F.3d 484, 502 (holding that the risk of prejudice inherent in restraints also entitles a defendant to the minimum restraints necessary and to the least obvious ones).

The United States Supreme Court has not addressed the use of a stun belt. Courts that have addressed the issue have recognized that the use of a stun belt raises all of the concerns surrounding the use of traditional in-court restraints and presents some risks of its own. For example, placing a stun belt on a defendant who is all too aware of the possible consequences of the belt's activation presents "a far more substantial risk of interfering with [his] Sixth Amendment right to confer with counsel than do leg shackles" and may further affect his right to be present at trial and to participate in his defense by providing "a considerable impediment to [his] ability to follow the proceedings and take an active interest in the presentation of his case." *United States v. Durham* (C.A. 11, 2002), 287 F.3d 1297, 1305-1306. Moreover, wearing a stun belt may lead to an "increase in anxiety" that may "materially impair and prejudicially affect" a defendant's ability, and thus his right, to testify on his own behalf. *People v. Mar* (2002), 28 Cal.4th 1201, 1224, 124 Cal.Rptr.2d 161, 52 P.3d 95. Therefore, courts have subjected the "decision to use a stun belt * * * to at least the same close judicial scrutiny required for the imposition of other physical restraints." *United States v. Durham*, 287 F.3d at 1306.[1]

WHEREFORE, Walter Pugh respectfully requests that this Court enter an order preventing the use of a "stun belt" in this matter. If this Court is not inclined to enter such an order pursuant to defendant's motion, Walter Pugh respectfully requests that this Court

---

[1] *State v. Leonard*, 157 Ohio App. 3d 653, *; 2004 Ohio 3323, 813 N.E.2d 50 (1st Dist 2004)

conduct an evidentiary hearing to determine whether a stun belt is warranted and said belt will not result in a violation of Mr. Pugh's constitutional rights.

          Respectfully submitted,
          **S/William R. Gallagher**
          WILLIAM R. GALLAGHER
          Attorney for Defendant
          Arenstein & Gallagher
          The Citadel
          114 East Eighth Street
          Cincinnati, Ohio 45202
          (513) 651-5666
          Fax: (513) 651-5688
          E-mail: WRG35@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2005 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Amul Thapar, Assistant U.S. Attorney.

          **S/William R. Gallagher**
          WILLIAM R. GALLAGHER