UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION



FILED
JAN 0 9 2003
KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No. CR-1-02-147-02 |
| Plaintiff, | : | |
| v. | : | **PLEA AGREEMENT** |
| LATRICE PEW, | : | |
| Defendant. | : | Judge Susan J. Dlott |

---

It is hereby agreed by and between the United States Attorney for the Southern District of Ohio and defendant Latrice Pew, by and through undersigned counsel, that:

1. Defendant Latrice Pew will enter a plea of Guilty to Count 1 of the Superseding Information, charging her with obstruction of a court order, in violation of 18 U.S.C. § 1509. The maximum penalty for this offense is one year in prison, a fine of $100,000, one year of supervised release, restitution, and a mandatory $25

-1-

Attachment 1

special assessment. Defendant Latrice Pew will pay the $25 special assessment at the time of sentencing.

2.      Defendant Latrice Pew will provide complete cooperation to the Federal Bureau of Investigation regarding retaliating against a witness and any other violations of federal law about which she has knowledge, including, but not limited to, giving a complete and truthful statement and testimony before a federal grand jury and at trial, being subject to a polygraph examination, at the request of the United States Attorney for the Southern District of Ohio. The United States Attorney for the Southern District of Ohio will advise the United States Probation Office of the extent of defendant Latrice Pew's cooperation before sentence is imposed.

3.      In exchange for defendant Latrice Pew's plea of Guilty to Count 1 of the Superseding Information and her cooperation, as set forth in paragraphs 1 and 2 of this Plea Agreement, the United States Attorney for the Southern District of Ohio will not file any additional charges against defendant Latrice Pew regarding retaliation against a witness which was the subject of the Superseding Information, about which she truthfully advises the Federal Bureau of Investigation.

4. Defendant Latrice Pew understands that this Agreement is null and void if she makes any statement that is materially false, in whole or in part, or if she otherwise fails to comply with any term of this Plea Agreement.

5.  No promises have been made to defendant Latrice Pew that she will receive probation or that she will receive a lighter sentence on account of her plea of Guilty to Count 1 of the Superseding Information.

6.  Defendant Latrice Pew understands that her sentence will be imposed pursuant to the Sentencing Reform Act and the Sentencing Guidelines. The parties agree and stipulate that defendant Latrice Pew has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct, pursuant to Sentencing Guidelines § 3E1.1(a), and thereby qualifies for a reduction of her offense level by 2 levels. The parties further agree and stipulate that defendant Latrice Pew qualifies for a further reduction of her offense level by one level by timely notifying authorities of her intention to enter a plea of guilty, pursuant to U.S.S.G. § 3E1.1(b)(1). This stipulation does not include any of the factors set forth in Chapter 4 regarding criminal history. Defendant Latrice Pew understands that these stipulations are not binding on the Court and that she would not have the right to withdraw her plea of Guilty in the event that the Court rejects the stipulations.

7.  Defendant Latrice Pew understands that only the United States, within one year of sentencing and at the sole discretion of the United States, may file a motion for reduction of sentence to reflect any subsequent substantial assistance to the government, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure

and Sentencing Guideline § 5K1.1, permitting a downward departure from the guidelines.

8. This written Plea Agreement embodies all of the agreements and understandings between the United States Attorney for the Southern District of Ohio and defendant Latrice Pew. No conversations, discussions, understandings, or other documents extraneous to this Agreement shall be considered part of this Agreement.

_____
Latrice Pew
Defendant

_____
W. Kelly Johnson, Esq. (000037241)
Assistant Federal Public Defender
2000 URS Center
36 East Seventh Street
Cincinnati, Ohio 45202
(513) 929-4834
FAX (513) 929-4842
Counsel for Defendant
  Latrice Pew

Gregory G. Lockhart
United States Attorney

*Robert A. Behlen*    1-9-2003

Robert A. Behlen, Jr. (0010695)
Assistant U.S. Attorney
400 Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202
(513) 684-3711
FAX (513) 684-6385
Robert.Behlen@usdoj.gov
Counsel for the United States

**UNITED STATES DISTRICT COURT** FILED
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**          JAN 0 9 2003

KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Criminal No. CR-1-02-147-02 |
| Plaintiff, | : | |
| v. | : | **STATEMENT OF FACTS** |
| **LATRICE PEW,** | : | |
| Defendants. | : | Judge Susan J. Dlott |

---

On September 3, 2002, a trial commenced before Judge Susan J. Dlott in the United States District Court for the Southern District of Ohio, in the case of *United States of America v. Walter Pugh, Jr. and Tyreese Pugh*, Criminal No. CR-1-02-054.

During the course of the proceedings, Judge Dlott ordered that no family member or other individual connected to the defendants have any contact with any witness that the United States might call in the trial. This warning was requested by the United States and given by the Court based upon concerns that there might be some sort of retaliation against civilian witnesses called by the United States. Latrice

Pew is a relative of both Walter Pugh and Tyreese Pugh. She was present at the trial on September 5, 2002, and on at least one occasion was present when Judge Dlott ordered that there be no contact with government witnesses. Shanell Holston testified as a government witness during the trial on September 6, 2002.

On September 7, 2002, defendant Latrice Pew willfully had contact with Holston. During the course of this contact, defendant Pew stopped her automobile in front of the automobile of Shanell Holston. Holston's automobile windshield was damaged by a glass bottle thrown by Tamara Denise Warford. Defendant Pew's contact with Holston attempted to obstruct, impede, or interfere with the order of Judge Dlott issued on or about September 5, 2002, in violation of 18 U.S.C. § 1509.

Gregory G. Lockhart<br>
United States Attorney<br>
<br>
*Robert A. Behlen* (signature)<br>
Robert A. Behlen, Jr. (0010695)<br>
Assistant U.S. Attorney<br>
400 Atrium Two<br>
221 East Fourth Street<br>
Cincinnati, Ohio 45202<br>
(513) 684-3711<br>
FAX (513) 684-6385<br>
Robert.Behlen@usdoj.gov<br>
Counsel for the United States