UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No. CR-1-02-147-01 |
| Plaintiff, | : | |
| v. | : | **PLEA AGREEMENT** |
| TAMARA DENISE WARFORD, | : | |
| Defendant. | : | Judge Susan J. Dlott |

------

It is hereby agreed by and between the United States Attorney for the Southern District of Ohio and defendant Tamara Denise Warford, by and through undersigned counsel, that:

1. Defendant Tamara Denise Warford will enter a plea of Guilty to Count 1 of the Indictment, charging her with retaliating against a witness, in violation of 18 U.S.C. § 1513(b)(1). The maximum penalty for this offense is 25 years in prison, a fine of $250,000, 5 years of supervised release, restitution, and a mandatory $100

-1-

Attachment 2

special assessment. Probation is not authorized for this offense. Defendant Tamara Denise Warford will pay the $100 special assessment at the time of sentencing.

2. Defendant Tamara Denise Warford will provide complete cooperation to the Federal Bureau of Investigation regarding retaliating against a witness and any other violations of federal law about which she has knowledge, including, but not limited to, giving a complete and truthful statement and testimony before a federal grand jury and at trial, being subject to a polygraph examination, at the request of the United States Attorney for the Southern District of Ohio. The United States Attorney for the Southern District of Ohio will advise the United States Probation Office of the extent of defendant Tamara Denise Warford's cooperation before sentence is imposed.

3. In exchange for defendant Tamara Denise Warford's plea of Guilty to Count 1 of the Indictment and her cooperation, as set forth in paragraphs 1 and 2 of this Plea Agreement, the United States Attorney for the Southern District of Ohio will not file any additional charges against defendant Tamara Denise Warford regarding retaliation against a witness which was the subject of the Indictment, about which she truthfully advises the Federal Bureau of Investigation.

4. Defendant Tamara Denise Warford understands that this Agreement is null and void if she makes any statement that is materially false, in whole or in part, or if she otherwise fails to comply with any term of this Plea Agreement.

5. No promises have been made to defendant Tamara Denise Warford that she will receive probation or that she will receive a lighter sentence on account of her plea of Guilty to Count 1 of the Indictment.

6. Defendant Tamara Denise Warford understands that her sentence will be imposed pursuant to the Sentencing Reform Act and the Sentencing Guidelines. The parties agree and stipulate that defendant Tamara Denise Warford has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct, pursuant to Sentencing Guidelines § 3E1.1(a), and thereby qualifies for a reduction of her offense level by 2 levels. The parties further agree and stipulate that defendant Tamara Denise Warford qualifies for a further reduction of her offense level by one level by timely notifying authorities of her intention to enter a plea of guilty, pursuant to U.S.S.G. § 3E1.1(b)(1), in the event that her offense level is 16 or higher. These stipulations do not include any of the factors set forth in Chapter 4 regarding criminal history. Defendant Tamara Denise Warford understands

that these stipulations are not binding on the Court and that she would not have the right to withdraw her plea of Guilty in the event that the Court rejects the stipulations.

7. Defendant Tamara Denise Warford understands that only the United States, within one year of sentencing and at the sole discretion of the United States, may file a motion for reduction of sentence to reflect any subsequent substantial assistance to the government, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure and Sentencing Guideline § 5K1.1, permitting a downward departure from the guidelines.

8. This written Plea Agreement embodies all of the agreements and understandings between the United States Attorney for the Southern District of Ohio and defendant Tamara Denise Warford. No conversations, discussions, understandings, or other documents extraneous to this Agreement shall be considered part of this Agreement.

_____
Tamara Denise Warford
Defendant

---

Christine Y. Jones, Esq. (0055225)
114 East Eighth Street, Suite 400
Cincinnati, Ohio 45202-2102
(513) 587-2897
FAX (513) 621-2525
chrisjrun@aol.com
Counsel for Defendant
 Tamara Denise Warford


Gregory G. Lockhart
United States Attorney


Robert A. Behlen, Jr. (0010695)
Assistant U.S. Attorney
400 Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202
(513) 684-3711
FAX (513) 684-6385
Robert.Behlen@usdoj.gov
Counsel for the United States

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION



FILED

JAN 1 0 2003

KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No. CR-1-02-147-01 |
| Plaintiff, | : | |
| v. | : | **STATEMENT OF FACTS** |
| TAMARA DENISE WARFORD, | : | |
| Defendants. | : | Judge Susan J. Dlott |

---

On September 6, 2002, Shannel Holston testified in case of *United States v. Walter Pugh, Jr., and Tyreese Pugh*, S.D. Ohio Criminal No. CR-1-02-054. She testified against defendant Walter Pugh, with whom she had a relationship. The case involved armed bank robbery. Both defendants were convicted.

On the next day, September 7, 2002, Shannel Holston and Latoria Benson were driving in Hamilton, Ohio. Benson was driving Holston's 1989 maroon Cadillac, and Holston was the passenger. As Benson was driving out of a housing complex, her exit was blocked by a vehicle driven by Latrice Pew. Tamara Denise Warford was a

Attachment 2

passenger in Pew's vehicle. Both Pew and Warford exited the vehicle and approached Holston's Cadillac. The women said, "My uncle can't get you, but I can. I'm going to kill you." Defendant Warford threw a glass bottle at the car. The bottle hit the windshield of Holston's Cadillac, causing it to crack. Benson and Holston departed the area, driving the wrong way on a one-way street and reported the incident to Hamilton Police Officer Richard Heidorn.

Holston purchased a replacement windshield from Jones Auto Recyclers, Hamilton, Ohio, on September 7, 2002, for $63.30. It was installed by Autocraft on September 7, 2002, for $65.00.

Gregory G. Lockhart
United States Attorney

Robert A. Behlen, Jr. (0010695)
Assistant U.S. Attorney
400 Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202
(513) 684-3711
FAX (513) 684-6385
Robert.Behlen@usdoj.gov
Counsel for the United States