**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| | : | **CR-1-02-0054** |
| v. | : | |
| | : | **HON. DAVID BUNNING** |
| | : | |
| **WALTER M. PUGH,** | : | |
| **Defendant.** | : | |

**RESPONSE OF THE UNITED STATES IN OPPOSITION TO**
**DEFENDANT WALTER PUGH'S MOTION IN LIMINE**

Defendant Walter M. Pugh's motion in limine, which requests an order prohibiting the government from eliciting information or evidence of firearm or ammunition possession in this case, should be denied because such evidence is likely to be highly relevant and admissible at trial, and, in addition, the Court will be better-positioned to make an informed judgment when evidence is offered in the context of trial.

As an initial matter, the Sixth Circuit discourages trial courts from ruling on motions in limine in advance of the presentation of evidence at trial. The Court of Appeals has instructed that "[o]rders *in limine* which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). This is especially pertinent here where defendant Walter Pugh is presenting his rendition of the facts. Obviously, what is critical is how the facts actually play out at trial. A ruling should not be rendered until the Court can determine the relevance and pertinence of the evidence.

In any event, on the merits Walter Pugh's contention that evidence of his possession of

firearms and ammunition in this case would not be relevant is wrong. Pugh stands charged with armed bank robbery, and he has not conceded his identity as the robber. Evidence of the possession of firearms and ammunition is "relevant to establish opportunity or preparation to commit the crime charged, and thus would have tended to prove the identity of the robbers, the only real issue in this trial." *United States v. Ravich*, 421 F.2d 1196, 1204 (2d Cir. 1970) (rejecting defendants' challenge to the admission of evidence concerning their possession of guns and ammunition that were not actually used in robbery). The Sixth Circuit has recognized this well-established principle. *United States v. Jobson*, 102 F.3d 214, 221 (6th Cir. 1996) (noting that "in prosecution for armed bank robbery, evidence that defendant possessed firearms is admissible to show defendant's opportunity to commit crime charged").

The *Ravich* case is directly on point. In that matter, three men robbed a bank. 421 F.2d at 1199. The defendants contested their identity as the bank robbers. During the defendants' arrest, six weapons were discovered along with ammunition. Id. at 1204. Thus, it was "perfectly plain that at least half of the proffered weapons were not used there." Id. Judge Friendly, speaking for the Second Circuit, found that "a jury could infer from the possession of a large number of guns at the date of arrest that at least some of them had been possessed for a substantial period of time, and therefore that the defendants had possessed guns on and before the date of the robbery." Id. Judge Friendly emphasized that "[d]irect evidence of such possession would have ben relevant to establish opportunity or preparation to commit the crime charged, and thus would have tended to prove the identity of the robbers, the only real issue in this trial." Id.; see also *United States v. Robinson*, 560 F.2d 507, 512 (2d Cir. 1977) (en banc) (evidence that defendant possessed similar gun 10 weeks after he allegedly committed bank robbery admissible to identify defendant as a participant in the robbery and to show defendant's opportunity to commit armed robbery, since he had access to gun);

*United States v. Moorehead*, 57 F.3d 875, 878 (9th Cir. 1995) (defendant's possession of gun several weeks prior to date charged in indictment was direct evidence of crime charged)); *United States v. Towne*, 870 F.2d 880, 886 (2d Cir. 1989) (prior possession of Smith & Wesson pistol properly admitted as direct evidence of defendant's illegal possession of firearm).

The Sixth Circuit has cited the *Ravich* case with approval in both *United States. v. Jobson*, 102 F.3d 214, 221 (6th Cir. 1996) and *United States v. Woods*, 613 F.2d 629, 636 (6th Cir. 1980). Moreover, the *Woods* court also noted that: "Regardless of the relevance of the evidence, [the defendant's} possession of the firearms and ammunition could have been admissible under Fed. R. Evid. 404 on the independent ground that it tended to show he had the "opportunity" to commit the bank robbery, since he had access to weapons similar to those used to commit it." Id.

Therefore, Pugh's relevance contention is meritless. For the foregoing reasons, the United States respectfully requests that the Court deny Walter Pugh's motion in limine or in the alternative reserve ruling on it until the evidence has been presented.

    Respectfully submitted,

    GREGORY G. LOCKHART
    United States Attorney

    s/Amul R. Thapar
    AMUL R. THAPAR (DC459489)
    ANTHONY SPRINGER (OH0067716)
    Assistant United States Attorneys
    221 East Fourth Street, Suite 400
    Cincinnati, Ohio 45202
    (513) 684-3711
    Fax: (513) 684-2047
    Amul.Thapar @usdoj.gov
    Anthony.Springer @usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response of the United States in Opposition to Defendant Walter Pugh's Motion in Limine was filed with the Court's CM/ECF System this 10th day of November, 2005, which provides electronic notice to all parties.

s/Amul R. Thapar
AMUL R. THAPAR (DC459489)
Assistant United States Attorney