UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

:

**UNITED STATES**
   **Plaintiff,**

-vs-

**WALTER M. PUGH, JR.,**
   **Defendant.**

Case No. CR-1-02-054

Honorable David Bunning

Motion For A Full
Investigation

Now comes the defendant, Walter M. Pugh, Jr., pro-se, contends that a Sealed Court Order in case number CR-1-02-054, was issued by, Honorable Susan J. Dlott, for the government. (We need not to go into details of that)...

Defendant, contends that the Sealed Court Order is being abused and neglected for the use of the government's defense.

Defendant, contends that, he have suffered with major abuse, under that seal court order; therefore he motion this Court for a full INVESTIGATION because the government have went beyond the scope of their sealed court order.

Defendant contends that, denying him of such necessary investigation will be a favor act toward the government's illegal abuse and neglection of their Court issued SEALED ORDER. . . . . . .

MEMORANDUM ATTACH

Respectfully,

Walter Mead Pugh, Jr.

05 NOV 16 PH 2:38

Page 1

## MEMORANDUM

**Defendant, Walter M. Pugh., Jr., contends that, while an inmate at the Boone County Detention Center, Burlington, KY., on October 21, 2005, about 8:30 P.M., he was placed in isolation, for a claim of, not having on an identification on his arm in his cell.**

**Facts: Defendant, Walter M. Pugh, Jr., was praying; therefore while praying it is within his religion and practice, never to pray with pictures of such; therefore defendant removed his identification off his arm while he was praying.**

**Facts: Boone County Deputy Deize was standing behind defendant while he was praying and waited on him to finish.**

**Facts: Defendant finish praying and was told by deputy Deize to take out of his assigned cell two towels only and was shook down.**

**Facts: Deputy Deize and another deputy escorted defendant and two other inmates to another location in the Boone County's facility; once they sured defendant, they went back and shook down defendant's cell.**

**Facts: The rules and regulations of the Boone County Detention Center is, no inmate is to be removed from his or her assigned cell without first being scammed out and upon return scammed back in.**

**Fact: The deputy didnot want to scam defendant because they wanted it to appear that defendant never left his cell.**

**Facts: On October 23, 2005, at 2:15 A.M., defendant was told to wake up, that he was being released back to his cell, per-order of the Jailer. Defendant asked," what time was it"? Defendant also asked the releasing Sgt. "The Jailer called down here**

and stated to release Walter Pugh"? The releasing Sgt. said nothing toward that question; but told defendant, "your property is in the hall, get it".

**Facts:** Upon defendants release from isolation, he was giving back the identification and returned back to his cell; upon returning back defendant placed out his hand to get his identification scammed, at which time defendant was told it's not necessary. (It's like defendant never left his cell. . . At that point defendant really got curious.

**Facts:** Once Defendant was back in his cell, defendant started going through his files and placing them back in there perspective order; after organizing all files back in there perspective order, defendant noticed a missing document, which is and was, a 1978 F.D.I.C. bank certificate, issued to First National Bank of Southwestern, address William and Peck, Hamilton, Ohio.

**Facts:** On October 27th, 2005, on or about 2:36 P.M., Sgt. Blemd, of Boone County Detention Center, came to defendant's cell and question defendant about his property coming from Atwater, Calf.

**Facts:** On October 27th, 2005, on or about 7:35 P.M., defendant was scammed out of his cell and escorted to a room, where he waited over two hours before he was taking to his property.

**Facts:** The Sgt. first words out of his mouth, " I'm sorry for taking so long and I'm going to open your property in front of you."

**Facts:** Defendant, requested the Sgt. to open the big box because that's the one that contained defendant's legal material.

**Facts:** The Sgt., open the big box at defendant's request, but defendant's legal material was not in the box defendant requested the Sgt., to open and which defendant observed the correctional officer at Atwater place them in.

**Facts:** Defendant took all of his legal material from another box, which he had observed the correctional officer at Atwater place other items in.

**Facts:** Defendant was permitted to take his legal material back to his cell, at which time he was scammed back in. Defendant started going through his legal material, at which point he noticed for the second time the mention F.D.I.C. Certificated was also missing from his Atwater's file.

**Facts:** On October 11th, 2005, defendant mailed out to motion this Court a Demand for Discovery and Bill of Particulars; alarming the government to assumed he had none of his 2002 discovery package.

**Facts:** Posted marked October 18th, 2005, defendant received a F.D.I.C., Certificate number 6600-1, with a seal dated August 7th, 1991, which is in total contradiction with the two disappearing of the 1978 F.D.I.C. Certificate, that disappeared out of my property without my consent or permission

**Facts:** Defendant, contends that F.D.I.C. Certificate number 6600-1, dated August 7th, 1991, is also in contradiction with defendant's Appellant's Supplemental Brief, filed in the sixth Circuit Court Of Appeals, case No. 03-324, which stated a 1978 F.D.I.C., Certificate; and the government, responded to defendant's argument of the F.D.I.C., status, in their final brief, but the Sixth Circuit Court Of Appeals on page five (5) of their Reverse on case Nos. 03-3241/3243, they stated within their opinion and the law, "Because we reverse the armed robbery convictions based on these specific violations, the other arguments related to those cnvictions will not be discussed. See, eg., United States v. Cromer, 389 F.3d 662, 671 (6th Cir. 2004)"

**Facts:** Defendant contends that there were a Court Order permitting him to have his legal material; therefore the removal of his 1978 First National of Southwestern Bank's F.D.I.C. Certificates, is in fact a serious crime that can not go without justice.

Defendant pray that this Court will Order an Investigation and permit not the goverment to be allowed to withdraw their 1991 F.D.I.C. Certificate, numbers 6600-1, due to the seriousness Investigation of i[t]......

Respectfully submitted,

Walter M. Pugh., Jr.

**Facts:** According to the F.D.I.C., out of Washington, DC., F.D.I.C. are simply courtesy certificate.

**Facts:** According to, Assistant Executive Secretary, Valerie Best, of the F.D.I.C., out Washington, DC., only one F.D.I.C. bank certificate is issued out to an insured bank.

**Facts:** First National Bank of Southwestern, on Peck and Williams, 1978 bank's certificate had been terminated before April 24th, 2002.

**Facts:** First National Bank of Southwestern, on Peck and Williams, closed their bank weeks after the allege robbery.

**Facts:** Before any national bank can close or terminate their F.D.I.C., the termination must be provided with a written notice of their intent, not less than 90-days. 12 U.S.C.S. 1818 (a) of section 6 of the International Bancking Act of 1978.

**Facts:** Who have more to gain by taking the First National Bank of Peck and Williams, F.D.I.C., bank's certificates out of defendant's property at, Atwater, Ca., and the Boone County Detention Center, in Burlington, Ky.

**Facts:** Judge Dlott's Sealed Court Order did not give the government the right to go to Atwater, Ca. and take out of defendant's property evidence to a court matter of jurisdiction.

**Facts:** Judge Dlott's Sealed Court Order, was in fact abused and neglected, once the government used that court order at Atwater, Ca., U.S.P., and removed from defendant's property, with out his consent, evidence within his defense and contradiction to the governments proof of an element, which was the F.D.I.C., bank certificate, issued in 1978, to First National Bank of Southwestern Ohio, on Peck and Williams, Hamilton, Ohio 45011.

**Facts:** Judge Dlott's Sealed Court Order did not give the government the right to come to the Boone County Detention Center between October 21, 2005 and October 23, 2005, and take out of defendant's property evidence to a court matter of jurisdiction.

**Facts:** Judge Dlott's Sealed Court Order was in fact abused and neglected, once the government used that court order to take possession of defendant's property, with out his consent, evidence within his defense and condradiction to the governments proof of an element, which was the F.D.I.C., bank certificate, issued in 1978, to First National Bank of Southwestern Ohio, on Peck and Williams, Hamilton, Ohio.

## CONCLUSION OF FACTS

If the defendant, Walter M. Pugh, Jr., from jail can find out about the governments abuse and neglection of a COURT SEALED ORDER, without the assistance of an attorney, than it should be easy for this Court to conclude under an INVESTIGATION that a crime in fact have been committed, within the neglection of a COURT SEALED ORDER . . . . . .

Trial is scheduled for November 14th, 2005, but a CONTINUATION under a need to be investigation, might be necessary.

Respectfully submitted,

*Walter M. Pugh, Jr.*
P.O. Box 898

Burlington, KY 41005