IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>-vs-<br>WALTER MEAD PUGH, JR.,<br>Defendant. | **FILED**<br>DEC 0 6 2005<br>JAMES BONINI, Clerk<br>CINCINNATI, OHIO | Case NO. CR-1-02-054<br>Judge D. L. Bunning<br>**NEWLY DISCOVERED**<br>**EVIDENCE** |

Now comes the defendant, Walter M. Pugh, Jr., Pro-se, within the respected time, under the United States Rules of Evidence of **NEWLY DISCOVERED EVIDENCE,** for the above cause, move this court to **VACATE** his conviction base on the above cause.

Respectfully submitted,

WALTER M. PUGH, JR.
PRO-SE
P.O. BOX 898
BURLINGTON, KY 41005

**MEMORANDUM ATTACHED**

## MEMORANDUM

Defendant contends that, since after his 2005, jury trial, he have discovered evidence of perjury and a denial of a court ORDER, from the Sixth Circuit . Defendant, contends , detective Jim Calhoun, a witness for the government, stated that he only interviewed two (2) people and those two are the only received written statements, Bessie Pew and Stephanie Luster's, but the record and United States -vs- Pugh, clearly show from the 2002, trial transcripts, and the F.B.I. Criminal Complaint's case no. 02-077-E, a sworn affidavit, that detective Calhoun, stated on record, under oath that he also received a written statement from Shallee Luster, and that she identified, Walter and Tyreese Pugh, as the bank's suspects in the still bank's pictures toward his interrogation.

Defendant, contends that, again his Constitutional Rights were in fact violated because he was not giving an opportunity to cross examine Shallee Luster's out of court identifying him. See United States -vs Pugh,f. 3d 390 (6th Cir. 2005).

Defendant, contends that, the Sixth Amendment demends the right of confrontation at trial, unless the accuser is unavailable and the defendant was given a prior opportunity to cross-examine her.

Defendant, contends that, at the begaining of his 2005, trial he and co-defendant, recall on record, this court asking the government about the witness Shallee Luster, but yet the government stated that, "Detective Calhoun was handling that witness".

1

Defendant, contends that, the Sixth Circuit Court of Appeals, sent down to this court, an <u>ORDER</u> to allow defendants, Walter and Tyreese Pugh, an opportunity to confront their accuser, Shallee Luster because of her positive identifying defendant. <u>United States -vs- Pugh, 405 f.3d 390 (6th Cir.2005).</u>

Defendant, contends that, one of the reason he was successful toward his appeal because the government fail to call their witness, who made a positive identification of defendant during police interrogation. <u>See: Crawford, 124 S. Ct at 1374.</u>

Defendant, contends that, the government tactics toward selecting Shanell Holston and Stephanie Luster, to make identification of defendants during trial is appropriate, but defendant contends that, Shanell Holston and Stephanie Luster, testified in the jury trial of 2002, and the record clearly indicates the two made no identification of the defendant, but Shallee Luster, made a positive identification and the government fail again not to call her as a witness, so that the defendant could be confronted with his accuser. <u>United States -vs- Pugh, 405 f. 3d 390 (6th Cir.2005).</u>

Defendant, contends that, he and co-defendant told their attorneys that they wanted to face their accuser, Shallee Luster.

Defendant, contends that, base on the Confrontation Clause Violation as to Shallee Luster's out-of-court identification and written statement, which the government fail to call her, as to identifiying Tyreese and Walter Pugh, as the alleged bank robbers, his Constitutional Rights was violated because it's his right to confront his accuser. <u>United State -vs- Pugh, 405 f. 3d 390 (6th Cir.2005).</u>

2

## CONCLUSION

Defendant, contends that being that the government fail again to violate defendant's Constitutional Rights, by failing to confront his accuser, His conviction is to be VACATED. . . .

Respectfully submitted,

Walter M. Pugh, Jr. , Pro-se
P.O. Box 898
Burlington, Ky 41005

### CERTIFICATE OF SERVICE

By ordinary U.S. mail, on this 5 day of December, 2005, I here by certify that a copy of the following was served upon Amul Thapar, Asst. U.S. Attorney, Atrium II, suite 400, 221 E. 4th street, Cincinnati, Ohio 45202, and Williams Gallagher, 114 East eight street, Cincinnati, Ohio 45202.

Walter M. Pugh, Jr. Pro-se
P.O. Box 898
Burlington, Ky 41005