**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| | : | **CR-1-02-0054** |
| **v.** | : | |
| | : | **HON. DAVID BUNNING** |
| | : | |
| **WALTER M. PUGH,** | : | |
| **TYREESE D. PUGH,** | : | |
| **Defendants.** | : | |

**UNITED STATES MOTION TO STRIKE WALTER AND TYREESE PUGH'S PRO SE**
**MOTION AND IN THE ALTERNATIVE RESPONSE TO THEIR MOTION TO**
**VACATE THEIR CONVICTIONS BASED ON "NEWLY DISCOVERED EVIDENCE"**

The United States, by and through the undersigned Assistant United States Attorneys,

hereby  Moves to Strike Defendants' *pro se* motions to vacate their convictions based on newly

discovered evidence (R. 149 and 150).  In the alternative, the United States hereby responds to

defendants' *pro se* motions.

I.      **This Court Should Strike the Defendants' *Pro Se* Motions Because They Are**
        **Represented By Counsel.**

A district court has no obligation to entertain pro se motions filed by a represented party.

See United States v. Agofsky, 20 F.3d 866, 872 (8th Cir.) (holding that a court commits "no

error" in refusing to rule on pro se motions raised by a represented party), cert. denied, 513 U.S.

909 (1994).  Indeed, in all United States Courts, "parties may plead and conduct their own cases

personally or by counsel . . . ."  28 U.S.C. § 1654 (emphasis added).  "The Sixth Circuit has held

that in a criminal case, a defendant has the right to be represented by counsel or to self-

representation, but not both."  Jones v. Bradshaw, 326 F. Supp. 857, 857 (N.D. Ohio 2004)

(citing United States v. Mosely, 810 F.2d 93, 97 (6th Cir. 1987)); United States v. Essig, 10 F.3d

968, 973 (3d Cir. 1993) ("Issues that counseled parties attempt to raise pro se need not be

considered except on a direct appeal in which counsel has filed an <u>Anders</u> brief."); <u>United States v. Oakey</u>, 853 F.2d 551, 553 (7th Cir. 1988) ("[A] defendant may not engage in 'hybrid' representation by acting as co-counsel along with either a court-appointed attorney or with his own attorney."). These holdings are grounded in strong public policy. One purpose of legal counsel is to ensure that only meritorious motions are filed. Allowing defendants to circumvent this process through the filing of *pro se* motions both undermines appointed counsel and wastes precious resources.

In this case, the defendants are represented by competent defense counsel. This Court should not allow them also to proceed *pro se*. They are not prejudiced by this Court striking their motions since their counsel can file any non-frivolous motions. Thus, the Court should strike their current motions.

## II.    Defendants' Motions Are Untimely, and thus, This Court Lacks Jurisdiction to Decide the Motions.

Defendants are seeking to vacate their conviction and obtain a new trial. They claim their motion is based upon "newly discovered evidence." Defendants may file post-trial motions for a new trial "within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7-day period." Fed. R. Crim. P. 33(b)(2); <u>United States v. Koehler</u>, 24 F.3d 867 (6th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1077 (1995). In the alternative, defendants may file motions based upon newly discovered evidence within 3 years of the verdict. Fed. R. Crim. P. 33(b)(1).

The defendants do not specify what newly discovered evidence they have other than to say that they have a right to confront an inculpatory witness – Shellee Luster. Defendant's own motion makes clear that neither Shellee Luster nor her inculpatory statements against the

defendants are "newly discovered."  "Newly discovered evidence" is evidence that is discovered

after trial and could not have been discovered earlier without due diligence.  See United States v.

Willis, 257 F.3d 636, 642 (6th Cir. 2001) (citations omitted); Koehler, 24 F.3d at 869 (holding

that evidence of which the defendant was aware at the time of trial is not "newly discovered" for

the timing rules of Rule 33, and thus, district court "lacked jurisdiction to consider it on the

merits"); United States v. Ricketts, 111 F. App'x 812, 814 (6th Cir. 2004) (unpublished) ("Our

cases firmly establish that if a defendant is aware of the evidence at the time of trial, then it is not

newly discovered evidence under Rule 33."); see also Beras v. United States, 2005 WL 2660397,

*1 (2nd Cir. October 18, 2005) ("A defendant bears the burden of demonstrating that the

evidence is genuinely 'new,' i.e., that it was 'discovered after trial' and 'could not, with the

exercise of due diligence, have been discovered sooner' and that the evidence 'is so material that

it would probably produce a different verdict.'").

   The defendant's own motion, as well as the Sixth Circuit's decision in United States v.

Pugh, 405 F.3d 390, 397-98 (6th Cir. 2005), make clear that the defendants were well aware of

Shellee Luster's inculpatory testimony prior to trial.  Consequently, it is not "newly discovered."

   Therefore, the defendants had to file their motion within 7 days of the verdict since the

district court did not extend this period within the 7 days.  Fed. R. Crim. P. 33.  The jury found

the defendants guilty on November 18, 2005 (R. 145).  Defendant Walter Pugh filed his motion

on December 6, 2005 (R. 149) and Defendant Tyreese Pugh filed his motion on December 7,

2005 (R. 150).  Both motions are thus untimely, and this Court lacks jurisdiction to decide them.

See U.S. v. Emuegbunam, 268 F.3d 377 (6th Cir. 2001), cert. denied, 535 U.S. 977 (2002) ("For

a district court to have jurisdiction over a motion made under Rule 29 or Rule 33, the movant

must comply with the seven-day period of the Rules.").

### III.    Defendants' Claims Lack Merit.

Defendants claim that this Court must vacate the judgement and grant them a new trial based upon newly discovered evidence.  "A new trial motion will be granted based on newly discovered evidence only if the defendant can prove that the evidence was: (1) discovered only after trial; (2) could not have been discovered earlier with due diligence; (3) is material and not merely cumulative or impeaching; and (4) would likely produce an acquittal if the case were retried."  United States v. Willis, 257 F.3d 636, 642 (6th Cir. 2001) (citations omitted).  As discussed above, the evidence is not newly discovered so their motions must fail.  Moreover, the defendants have failed to explain how Shellee Luster's inculpatory testimony "is material" or "would likely produce an acquittal."  Thus, the defendants' motions fail on every ground.

## CONCLUSION

The defendants' motions are filed *pro se*, and thus, this Court should strike them.  In the alternative, this Court lacks jurisdiction to decide them since they are untimely.  Finally, even *assuming arguendo*, that they were properly filed, they lack merit and should be denied.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

s/Amul R. Thapar
AMUL R. THAPAR (DC459489)
ANTHONY SPRINGER (OH0067716)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Fax: (513) 684-2047
Amul.Thapar @usdoj.gov
Anthony.Springer @usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response of the United States Motion to Strike and in the Alternative Response to Defendants' Motions  was filed with the Court's CM/ECF System this 14th day of December, 2005, which provides electronic notice to counsel for the defendants.

s/Amul R. Thapar
AMUL R. THAPAR (DC459489)
Assistant United States Attorney